OPINION
John Kavlich, relator, filed a petition for a writ of mandamus to compel respondent, Judge Richard J. McMonagle, to rule on a Motion for Jail Time Credit and a Motion to Withdraw a Guilty Plea and also to issue findings of fact and conclusions of law. Respondent filed a motion for summary judgment and on November 13, 1999, this court granted summary judgment in part in favor of respondent based upon mootness. Entry No. 10774 dated November 24, 1999. Respondent is again seeking summary judgment on the remaining issues, and for the following reasons, we grant respondent's motion.
With respect to relator's Motion for Jail Time Credit, respondent attached a time-stamped certified copy of a journal entry signed by respondent indicating that relator is entitled to jail time credit in the amount of forty-four (44) days in Case No. CR-336122 and forty-five (45) days in Case No. CR-338144. Relator's request for relief in mandamus concerning this issue is now moot.
Relator is also seeking a writ of mandamus to compel respondent to issue findings of fact and conclusions of law for the denial of his motion to withdraw his guilty plea. Respondent contends he has no duty to issue such findings, as set forth by this court inState v. Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369, unreported. In Halliwell, appellant asserted that the trial court erred by not issuing findings of fact and conclusions of law following the denial of his motion to vacate his guilty plea. This court held that Crim.R. 32.1, which governs motions to withdraw guilty pleas, does not require a trial court to make findings of fact and conclusions of law after denying a motion to withdraw a guilty plea. Halliwell, slip op. at 2-3. Relator argues that Civ.R. 41, 52 and 58 are being ignored. Those rules, however, are applicable to civil cases and are rightfully ignored when looking at the duty of a trial court in a criminal matter. Criminal Rule 32.1, which is applicable in this case, does not require findings and conclusions, and relator has not provided any appropriate authority establishing such a duty. Mandamus will not lie absent a demonstration of a clear legal duty of a respondent to perform a specific act. See R.C. 2731.01; State exrel. Yeager v. Cuyahoga County Adult Probation Dept. (Dec. 16, 1994), Cuyahoga App. No. 67398, unreported; State ex rel. Gravesv. Callahan (Nov. 29, 1993), Cuyahoga App. No. 66400, unreported.
Writ denied. Costs to be split equally between relator and respondent.
TERRENCE O'DONNELL, J. CONCURS.
 _________________________________ ANN DYKE ADMINISTRATIVE JUDGE